People v Goode (2019 NY Slip Op 07748)





People v Goode


2019 NY Slip Op 07748


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Webber, Oing, JJ.


10237 3361/15

[*1] The People of the State of New York, Respondent,
v
Rodney Goode, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jonathan McCoy of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Victoria Muth of counsel), for respondent.



Judgment, Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Daniel P. Conviser, J. at jury trial and sentencing), rendered May 17, 2016, convicting defendant of criminal possession of a forged instrument in the second degree (six counts), forcible touching and sexual abuse in the third degree, and sentencing him to an aggregate term of two to six years, unanimously affirmed.
The hearing court properly denied defendant's motion to suppress the credit cards retrieved from his wallet. The record establishes that the cards were recovered as part of a lawful stationhouse inspection of objects on defendant's person. To the extent this police action can be considered an inventory search, an officer's detailed testimony about the relevant police procedures was sufficient to establish its validity (see People v Padilla, 21 NY3d 268 [2013], cert denied 571 US 889 [2013]), especially when viewed in the particular context of the long-recognized reasonableness of stationhouse inspections of arrestees' personal effects (see People v Perel, 34 NY2d 462, 465-468 [1974]; see also Illinois v Lafayette, 462 US 640, 648 [1983]).
The trial court providently exercised its discretion in admitting evidence of defendant's prior incident of sexual misconduct on the subway. The evidence was relevant to establish defendant's intent and lack of mistake, where the charged sexual conduct occurred on a crowded subway during rush hour. Furthermore, even if defendant's principal defense was that he did not touch the victim at all, the record demonstrates, as in People v McKenzie (169 AD3d 557, 558 [1st Dept 2019], lv denied 33 NY3d 1033 [2019]), that "portions of the defense cross-examination and summation could be viewed as challenging the proof of the element of intent."
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK